**Richard Lee OWEN, II, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. PS 410.**

Court of Appeals of Indiana, Fourth District.

April 24, 1979.

Rehearing Denied May 18, 1979.

Richard Lee Owen, II, pro se.

Theodore L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Presiding Judge.

Defendant-appellant Richard Lee Owen II was convicted of Commission of a Felony While Armed.[1] We address only one of the seven preserved issues: Did the trial court commit reversible error in denying Owen's Motion to Strike the Jury Panel?

We reverse.

At the time of Owen's trial in 1977, two jury commissioners served the St. Joseph Superior Court. Ind. Code 33–5–40–18, however, required four persons to be appointed as jury commissioners in the St. Joseph Superior Court.[2] We must, therefore, determine whether this error warrants reversal.

This appears to be an issue of first impression in Indiana, but we believe Judge Emmert in *Rudd v. State*, (1952) 231 Ind. 105, 107 N.E.2d 168, at 170–171, enunciated

---

1. Ind. Code 35–12–1–1, repealed effective October 1, 1977.

2. I.C. 33–5–40–18 was enacted in 1965 and required two jury commissioners. An amend-

the appropriate standard of review to be applied in appeals attacking the selection of petit and grand juries:

> It seems to us that the proper construction is to hold that an accused, regardless of his guilt or innocence, has the right to insist that there be substantial compliance with § 4–3320, Burns' 1946 Replacement, and if these provisions are not substantially complied with, his substantial rights are harmed.

> .        .        .        .        .

> The only way this court has to enforce substantial compliance with the statutes on juries is to reverse when the issue is properly presented in the trial court and here.

Accordingly, absent a showing of substantial compliance with I.C. 33–5–40–18, we must reverse. We are unable to find such substantial compliance in the case at bar.[3] The lengthy trial and voluminous transcript evidence the considerable expense of a retrial; nevertheless, the fundamental right to trial before an impartial jury is so basic and crucial as to demand that no vestige of suspicion be permitted to impugn the impartial method of selection of jurors.

We reverse.

MILLER and YOUNG, JJ., concur.

ment in 1969 increased the number to four and was in effect when Owen's jury was drawn. Assuming passage of H.B. 2015, I.C. 33–5–40–18 would again require only two jury commissioners for the St. Joseph Superior Court as of September 1, 1979.

3. In its less than one page response to Owen's contention, the State relies solely on I.C. 33–15–22–2:

> Supplemental act—Liberal construction.— The provisions of this act [33–15–22–1—33–15–22–4] shall be construed to supplement and not to repeal the statutory provisions for special juries, for juries by agreement, for juries from other counties, for struck juries, and for special venires. This act shall be construed liberally, to the effect that no indictment shall be quashed, and no trial, judgment, order or proceeding shall be reversed or held invalid on the ground that the terms of this act have not been followed, unless it shall appear that such noncompliance was either in bad faith or was objected to promptly upon discovery and was probably harmful to the substantial rights of the objecting party. [Acts 1937, ch. 156, § 2, p. 839.]

We note initially that I.C. 33–15–22–2 does not apply to I.C. 33–5–40–18. Furthermore, it is difficult to imagine that the General Assembly, after prescribing the procedure to be followed in I.C. 33–5–40–18 to insure judicial fairness in drawing and calling grand and petit juries, then by I.C. 33–15–22–2 intended to say that none of these requirements mean anything for an accused unless he could prove at a hearing that he was innocent and ought not have been indicted in the first place.